UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**HECTOR L. VEGA,**

      **Plaintiff,**

v.                                                         Case No: 6:18-cv-860-Orl-41TBS

**RIKER'S ROADSIDE SERVICES, LLC,**
**CORO IMPORT EXPORT, INC. and**
**VICTOR S. GUABECA,**

      **Defendants.**
_____/

**ORDER**

THIS CAUSE is before the Court on the parties' Joint Motion for Approval of Proposed Settlement and Stipulation of Dismissal with Prejudice (Doc. 19). United States Magistrate Judge Thomas B. Smith issued a Report and Recommendation (Doc. 20), in which he recommends that the Court grant the motion and approve the parties' settlement agreement, with some alterations. The parties filed a joint Notice of Non-Objection (Doc. 21).

Judge Smith recommends that pursuant to the severability clause contained in the Settlement Agreement, (Doc. 19-1 at 3), the Court eliminate language releasing Defendants from any and all claims that Plaintiff could have pursued in this litigation. (*Id.* at 1 (indicating that "the Parties desire to amicably resolve the Lawsuit together with any and all Claims, as hereinafter defined, that Vega may have against Defendants whether or not asserted in this Lawsuit" "or which could have been asserted")). The inclusion of a release in an FLSA settlement agreement does not necessarily render the agreement unfair, but the Court must be able to evaluate the value of the released claims. *See Shearer v. Estep Constr., Inc.*, No. 6:14-cv-1658-Orl-41GJK, 2015 WL 2402450, at *3 (M.D. Fla. May 20, 2015). Where the parties include a broad, general release,

releasing any and all claims, valuation of those unknown claims is nearly impossible, and therefore such a release "precludes a fairness determination." *Id.* Accordingly, the Court agrees with Judge Smith's recommendation.

Judge Smith also recommends that the Court delete the broad definition of "Defendants," (Doc. 19-1 at 2 (defining Defendants as "Coro Import Export, Inc., Riker's Roadside Services, LLC and Victor S. Guabeca together with all officers, members, . . . shareholders, past and present employees, supervisors, agents, representatives, insurers, attorneys, any affiliates, parent, subsidiaries and related entities, and any successors and assigns of any of these parties including without limitation any employer as defined by 29 U.S.C. § 203 and applicable case law")) and decline to retain jurisdiction over the Settlement Agreement. For the reasons articulated in the Report and Recommendation, this Court agrees.

After a *de novo* review, the Court agrees with the analysis set forth in the Report and Recommendation. It is therefore **ORDERED** and **ADJUDGED** as follows:

1. The Report and Recommendation (Doc. 20) is **ADOPTED** and **CONFIRMED** and made a part of this Order.

2. The definition of Defendants, (Doc. 19-1 at 2), and the general release, (*id.* at 1), are **STRICKEN** from the Settlement Agreement as set forth in the Report and Recommendation.

3. The parties' Joint Motion for Approval of Proposed Settlement and Stipulation of Dismissal with Prejudice (Doc. 19) is **GRANTED in part**; the Settlement Agreement (Doc. 19-1), as amended by this Court, is **APPROVED**; and this case is **DISMISSED with prejudice**.

4. The Court declines to retain jurisdiction to enforce the Settlement Agreement.

5. The Clerk is directed to close this case.

**DONE** and **ORDERED** in Orlando, Florida on November 6, 2018.



Copies furnished to:

Counsel of Record